IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY D.,<br><br>                 Plaintiff,<br>    v.<br>KILOLO KIJAKAZI,<br>Commissioner of the Social Security Administration<br><br>                 Defendant. | Case No. 1:20-cv-00106-CMR<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Magistrate Judge Cecilia M. Romero |

This case is before the undersigned pursuant to consent of the parties under 28 U.S.C. § 636(c) (ECF 12). Plaintiff, Kimberly D., seeks judicial review of the determination of the Commissioner of the Social Security Administration (the Commissioner) denying her application for disability insurance benefits. Pursuant to District of Utah Local Rule (Local Rule) 7-1(g), the court concludes that oral argument is not necessary. After careful consideration of the written briefs, the administrative record, and relevant legal authorities, the court AFFIRMS the decision.

## I.   BACKGROUND

Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental security income alleging disability beginning July 9, 2015, due to pancreatitis, edema, anxiety, depression, and diarrhea (Administrative Transcript (Tr.) 215-25). Plaintiff had past relevant work as a parts picker, forklift operator, and a blinds assembler (Plaintiff's Brief (Pl. Br.) (ECF 23)). Plaintiff's claims were initially denied by the Social Security Administration (SSA) and, following an administrative hearing, the SSA's Administrative Law Judge (ALJ) found that Plaintiff had the residual functional capacity (RFC) for light work and concluded that Plaintiff

was not disabled within the meaning of the Social Security Administration Act (Act) (Tr. 18-27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final for the purposes of judicial review (Tr. 5). This appeal followed.

## II.     LEGAL STANDARD

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See id.* A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While substantial evidence is "more than a scintilla," it means only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Hacket v. Barnhart*, 395 F.3d 1168, 172 (10th Cir. 2005)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that

appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)). Harmless error applies only if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## III. DISCUSSION

Here, the ALJ found Plaintiff's chronic pancreatitis was a severe medically determinable impairment (Tr. 21). *See* 20 C.F.R. § 404.1521. Upon review of the medical evidence, the ALJ concluded that Plaintiff had the RFC to perform light work as "defined in 20 CRF 404.1567(b) and 416.967(b) except that she can never climb ladders, ropes, and scaffolds. She can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She should avoid even moderate exposure to hazards" (Tr. 22). The ALJ then found that Plaintiff could not perform her past relevant work, but could successfully adjust to other work existing in significant numbers in the national economy as a marker, router clerk, and storage rental clerk (Tr. 27).

Plaintiff's main contentions on appeal stem from the ALJ's consideration of Plaintiff's medical evidence arguing the ALJ incorrectly assessed the RFC (Pl. Br. 2-3). Specifically, Plaintiff argues that the ALJ erred in giving greater weight to the "non-examining agency doctors' opinions" instead of the opinions of Roark Neville (Dr. Neville), or the Medicaid Examiner Jenny Jensen's (Jensen) Assessment and that the ALJ did not properly consider the psychological evaluation of Dr. Donald Randall (Dr. Randall) and Burk Potter, LCSW (LCSW Potter) (Pl. Br. 2, 21). Defendant contends the ALJ properly considered Plaintiff's treatment records, opinion evidence, and subjective complaints in making his RFC finding and his decision should be affirmed (Defendant's Answer Brief (Ans. Br.) (ECF 28)).

As further discussed below, the court finds the ALJ did not commit reversable error as substantial evidence in the record supports the ALJ's RFC determination.

**A. The ALJ properly weighed Plaintiff's Medical Evidence.**

The social security regulations (SSR) lay out certain factors that an ALJ must consider when evaluating a medical opinion. *See* 20 C.F.R. § 404.1527(c).[1] While an ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c), she or he is not required to "apply expressly each of the six relevant factors in deciding what weight to give a medical opinion." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, an ALJ need only provide "good reasons in his decision for the weight he gave to the" opinions. *Id*. (citing prior section 20 C.F.R. § 404.1527(d), which was later re-numbered as § 404.1527(c) in 2012). Moreover, an ALJ must consider whether an opinion is consistent with the record as a whole. *Id*.

1. <u>Dr. Neville and the state agency physicians</u>

With regard to Dr. Neville, Plaintiff's treating physician, Plaintiff's main contention is that the ALJ improperly rejected Dr. Neville's opinion that she could not work (Pl. Br. 8-9).[2] Plaintiff also suggests the ALJ discounted Dr. Neville's opinion because of his use of a check box form (Pl. Br. 15, 20).

With respect to Plaintiff's argument that the ALJ improperly rejected Dr. Neville's opinion that she could not work, the ALJ explicitly noted that he gave this opinion little weight

---

[1] The SSA has issued new regulations regarding the evaluation of medical source opinions for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules). Plaintiff applied in 2016, so the court's review of the ALJ's consideration of the medical opinions is governed by 20 C.F.R. § 404.1527, not 20 C.F.R. § 404.1520c.

[2] Plaintiff also briefly argues "at Step Five it was not [Plaintiff's] burden to prove she could not work" (Pl. Br. 19). Defendant contends this argument is waived for failure to properly develop it (Ans. Br. 14). The court agrees. In her Reply, Plaintiff's only response or clarification of this argument is that "The Comm'r has already admitted to this burden" (ECF 31). The court cannot discern any valid argument or rebuttal regarding the Step-Five evaluation and therefore finds this argument is waived for failure to properly develop it or properly present it to the court. *See Wall v. Astrue,* 561 F.3d 1048, 1066 (10th Cir. 2009) (court declining to consider claimant's additional contentions for failure to develop the contention with any developed argumentation)(internal citation omitted).

because Dr. Neville provided no information as to Plaintiff's functional abilities and his conclusion that claimant "could not work . . . is tantamount to assessing disability, which is not a medical opinion, but a legal conclusion reserved to the Commission" (Tr. 24). This conclusion is supported by the regulations in that they specifically state that the ALJ is "responsible for making the determination or decision about whether you meet the statutory definition of disability" and that any such conclusion by a medical source does not mean the claimant is disabled. *See* 20 C.F.R. §404.1527(d)(1)-(3). The ALJ also addressed the §404.1527(c)(2) factors in assessing Dr. Neville's opinion finding that his opinions were not supported by the course of treatment, were based on Plaintiff's own reported symptoms, and were inconsistent with the opinions of the state agency medical consultants (Tr. 25). A treating source physician's opinion may be rejected if his conclusions are not supported by specific findings or not supported by the physician's own notes. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). The court therefore finds the ALJ's assessment in regard to Dr. Neville's opinion was proper and supported by the record.

Similarly, the ALJ did not improperly weigh Dr. Neville's opinion that Plaintiff could not work because he used a check box form. As detailed in the ALJ's Decision, Dr. Neville's opinion was not supported with any *explanation* in the check box forms or his own treatment notes (Tr. 25). The ALJ did not afford little weight to Dr. Neville's opinions because of his use of the check box form, rather, the ALJ noted that the opinion marked on the check box form was also inconsistent with claimant's course of treatment and other medical evidence in the record (Tr. 25). Therefore, the court finds the ALJ reasonably explained and supported the "little weight" given to Dr. Neville's opinion that Plaintiff could not work in making his RFC finding.

Additionally, though it's not clear from Plaintiff's brief, it appears Plaintiff contests the

5

weight given to the state agency physicians over those of Dr. Neville, her treating physician. The court finds the ALJ did not err in the weight given to the state agency physicians' (Drs. Merrill and Peterson) who found that Plaintiff could perform light work over the opinion of Dr. Neville (Tr. 23). Although the ALJ is required to give controlling weight to the opinion of a treating physician, an ALJ may reject a treating physician's opinion if the opinion is not consistent with other substantial evidence in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). If an ALJ intends to rely on a non-treating physician or examiner's opinion, he must explain the weight he is giving to it. *Id. see also* 20 C.F.R. § 416.927(f)(2)(ii). Here, the ALJ explained the weight given to Drs. Merrill and Peterson's (Tr. 23). The ALJ explained those opinions were supported by review of claimant's treatment notes and review of the record before them (Tr. 23). In contrast, the ALJ explained that Dr. Neville's opinion that Plaintiff could not work was a decision reserved for the Commissioner and was not supported by the record (Tr. 24-25). Moreover, the ALJ tempered Drs. Merrill and Peterson's postural limitations for Plaintiff's benefit in finding she could *never* climb ladders, ropes, and scaffolds (Tr. 22). *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (holding the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit).

2. Psychological evaluation by Dr. Randall and LCSW Potter

At step-two of the sequential evaluation, the ALJ determined Plaintiff had no limitations in various areas of mental functioning (Tr. 21-22). Plaintiff contends the ALJ did not consider the evaluation of Dr. Randall and LCSW Potter in finding Plaintiff's mental impairments were not severe (Pl. Br. 22). While that appears to be the main argument, Plaintiff also cursorily argues the ALJ failed to give appropriate reasons for rejecting Dr. Randall and LCSW Potter's findings that Plaintiff's pancreatitis prevents improvement of her major depressive disorder and

6

anxiety disorder (Pl. Br. 21).

The ALJ discussed and considered the evaluation of Dr. Randall and LCSW Potter. Though the ALJ did not specifically mention Dr. Randall or LCSW Potter's opinion using their names, this evaluation (Ex. 18F) is addressed by the ALJ (Tr. 21). Specifically, at step-two, the ALJ explained, while referencing Dr. Randall and LCSW Potter's evaluation, that Plaintiff's "mental health impairments were conservatively treated with an unadjusted dose of Xanax [and] [o]n examination, she maintained a normal health mental status ..." (Tr. 21). Moreover, Plaintiff fails to explain how or why the evaluation was improperly rejected as the Plaintiff does not identify any greater functional limitations than those discussed by the ALJ. *See* Tr. 830-40.

3. Jensen's Medicaid Assessment

The ALJ assigned little weight to Jensen's examination explaining it was a conclusory assessment that Plaintiff would be limited to sedentary work with occasional postural activities and environmental restrictions because the statement was tantamount to a legal conclusion, not a medical opinion (Tr. 25). Again, in following 20 C.F.R. §404.1527(d)(1)-(3), this determination is reserved for the Commissioner. *See also Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (doctor's opinion that he did not know if claimant would be able to return to work is an issue reserved for the Commissioner). The court is not persuaded by Plaintiff's bald statement that because Medicaid uses the same criteria as the Commissioner to determine disability, the ALJ ought to have given greater weight to Jensen's assessment (Pl. Br. 23). The determination of disability is reserved for the Commissioner and the court finds no reversible error in the ALJ's decision to give little weight to Jensen's opinion due to its inconsistency with the record as a whole (Tr. 25-26). Moreover, Plaintiff has the burden of tying the relevant facts to her legal contentions and must provide specific reference to the record to carry the burden of proving

7

error, the court will not undergo this exercise on her behalf. *See United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997).

**ORDER**

For the reasons discussed above, the court finds the ALJ's decision is supported by substantial evidence and is legally sound and is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 22 March 2022.

*(signature)*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah